**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAMADOU YATERA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY PROCESSING CENTER, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-992 |

## MEMORANDUM OPINION

Pending before the court is a Petition for Writ of Habeas Corpus (ECF No. 4), Motion for Immediate Release (ECF No. 5), and Motion for Leave to File Supplemental Petition for Writ of Habeas Corpus (ECF No. 28) filed by Mamadou Yatera ("Yatera"). Respondents filed their Response to both the petition and the Motion for Immediate Release (ECF No. 12) on June 24, 2026, and filed their Response to the Motion for Leave to File (ECF No. 35) on October 27, 2026.

Upon review of the parties' filings, the court took the petition under advisement and scheduled an evidentiary hearing for September 22, 2026 (ECF No. 14). During the September 22nd hearing, Respondents informed the court that progress had been made on Yatera's removal to a third country and that his removal to Burundi was imminent (ECF No. 23). The court then ordered additional briefing and scheduled another hearing for October 20, 2026 (ECF No. 24).

At the October 20th hearing, after hearing the parties' arguments, the court afforded each party one more opportunity to respond to any final arguments (ECF No. 29), and both parties subsequently filed their final responses (ECF Nos. 31, 32, 33, 35). As such, the petition is now fully briefed and ripe for decision.

Consolidating the various filings throughout this case, the court finds that there are two

prominent issues at hand: 1) whether Yatera's removal is significantly likely in the foreseeable future under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 2) whether this court has jurisdiction to review any challenges to his third-country removal. The court will address each issue in turn.

**I. Likelihood of Removal under *Zadvydas***

In *Zadvydas*, the Supreme Court recognized that a six-month period of detention was presumptively reasonable under 8 U.S.C. § 1231. *Zadvydas*, 533 U.S. at 701. Here, it is agreed that Yatera has been held for more than six months in post-removal immigration detention. *See* ECF No. 12 at 7-8. Thus, his detention is no longer presumptively reasonable, and the next step of the analysis in *Zadvydas* applies (i.e., whether there is a significant likelihood of removal).

"[T]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. "Significant likelihood" is not "the absence of any prospect of removal[,] no matter how unlikely or unforeseeable[,]" or a showing that removal is impossible. *Id.* at 702. Instead, "significant likelihood" is a "good reason to believe that there is no likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701; *see Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005). "[A]s the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

Although "good reason" is not defined by the Supreme Court in *Zadvydas*, lower courts have since interpreted "good reason" to include providing evidence to substantiate why removal is unlikely to occur. *See, e.g., Joseph*, 127 F. App'x at 81 (stating that the petitioner did not show good reason where he failed to produce any documentary evidence). Other judges in this district have found that "good reason" was provided if the petitioner was unable to be removed to his home

country and demonstrated that there was no third country option currently available. *See, e.g.*, *Ebeid v. Warden of the Moshannon Valley Processing Ctr.*, Civil Action No. 25-411J, 2026 WL 292179, at *3 (W.D. Pa. Feb. 4, 2026) ("[Petitioner] has been granted withholding of removal from his country of origin, precluding his removal there. Further, there is no indication on the record that Petitioner has any ties to any third country, or that any third country otherwise has expressed a wil[ling]ness to accept him, or has begun preparing travel documents."); *Gonzalez v. Oddo*, No. 3:24-CV-00293, 2026 WL 1361429, at *3 (W.D. Pa. Apr. 28, 2026) ("First, the CAT deferral of Petitioner's removal to El Salvador, the only country to which he has a claim to citizenship, supports that his removal is unlikely to occur in the reasonably foreseeable future. This deferral will continue until the Government finds a third country that will accept Petitioner.").

Here, the court concludes that there is a significant likelihood of Yatera's removal to Burundi in the reasonably foreseeable future. Respondents provided a declaration from a deportation officer which states that Yatera's "name was accepted by the Government of Burundi" and that Yatera's "acceptance by the Government of Burundi and placement on the manifest for this charter serves as the travel document in [Yatera's] removal." *See* ECF No. 32-1 at 3. Although Yatera challenges the adequacy of such declaration (*see* ECF No. 22 at 1-3), *Zadvydas* does not require the exact flight number or a full schedule of flights to Burundi. *Zadvydas* only requires that the flight is significantly likely to occur in the reasonably foreseeable future. *See generally Zadvydas*, 533 U.S. at 701. As such, because a third country of removal appears to have accepted Yatera, the court will decline to order Yatera's immediate release at this time. [1]

[1] In the event that Yatera comes before this court again because a flight did not occur in the near future, the court's analysis may be very different. *See, e.g., Adalberto Romero-Roblejo, v. Leonard Oddo, et. al.*, No. CV 26-1596, 2026 WL 3166524, at *3 (W.D. Pa. Oct. 22, 2026) ("Based upon the evidence before the court at this time, however, Respondents' assurances about the likelihood of Romero-Roblejo's removal are less 'worthy of credence.' Although Respondents told this court 5 months ago that Romero-Roblejo's removal was likely in the reasonably foreseeable future (see Civ. No. 26-810, ECF No. 7 at 2), this removal has not yet occurred, and there is nothing in the record to suggest that this removal will indeed occur soon.").

## II. Challenges to Third Country Removal

In his Motion for Leave to File Supplemental Petition for Writ of Habeas Corpus, Yatera challenges his removal to Burundi, asserting that his removal "to Burundi without the statutory and regulatory preconditions would exceed [R]espondents' authority under 8 U.S.C. § 1231(b), FARRA, and their implementing regulations" and that his removal "to Burundi without meaningful notice and an opportunity to be heard would deprive [him] of liberty without due process of law" in violation of the Fifth Amendment. *See* ECF No. 28-1 at 26-30.

It is well established that 8 U.S.C. § 1252(a)(5) and (b)(9) strip federal district courts of jurisdiction over all claims arising from any action taken or proceeding brought to remove any noncitizen. Judicial review of a final removal order is available only in the appropriate court of appeals. *See E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 180 (3d Cir. 2020); *Tonfack v. AG United States*, 580 F. App'x 79, 81-82 (3d Cir. 2014) ("Our conclusion that Tonfack's § 2241 petition challenges a notice of removal is reinforced by the fact that his arguments are often considered by courts via petitions for review.").[2]

Consequently, the Third Circuit Court of Appeals has found that, when a noncitizen: (1) has a final order of removal, (2) that final order of removal did not designate an alternate country of removal, (3) that noncitizen is slated for removal to a third country, and (4) the noncitizen has objections to the third country, the noncitizen's challenge to removal to the third country is encompassed within the final removal order and is thus not reviewable by a district court. *See Odiase v. Oddo*, No. 3:25-CV-206, 2025 WL 2673938, at *6 (W.D. Pa. Sept. 18, 2025) (citing

[2] Despite Yatera's assertion that the *D.V.D.* class warrants a different outcome (*see generally* ECF Nos. 28, 31), this principle is unaffected by the pending litigation in *U.S. Dep't of Homeland Sec. v. D.V.D.*, -- S. Ct. --, 2026 WL 2917860. Other courts within the Third Circuit Court of Appeals have held that *D.V.D.*-like claims are properly brought in a petition for review before the circuit court. *See, e.g.*, *Camara v. Warden, Moshannon Valley Processing Ctr.*, No. 3:26-CV-00704, 2026 WL 2123783, at *2 (W.D. Pa. July 23, 2026); *Agyemang v. Warden of Clinton Cnty. Corr. Facility*, No. 3:26-CV-00688, 2026 WL 1558255, at *6 (M.D. Pa. June 2, 2026).

*Tonfack v. AG United States*, 580 F. App'x 79 (3d Cir. 2014)); *see also Ramirez Escobar v. Lyons*, No. 3:26-CV-981, 2026 WL 2620728 (W.D. Pa. Sept. 4, 2026), at *3 (same). In other words, even if there exists a temporal gap between the establishment of the final removal order and the designation of a third country, this gap does not "confer habeas jurisdiction" on a district court because the petitioner's "legal and factual questions can be meaningfully reviewed later through a [petition for final review]." *T.A. v. Sage*, No. 3:26CV309, 2026 WL 448807, at *6-7 (M.D. Pa. Feb. 17, 2026) (citing *Khalil v. President, United States*, 164 F.4th 259 (3d Cir. 2026)).

Here, Yatera seeks to amend his petition by adding objections to Burundi and questioning Respondents' authority to remove him to Burundi under the current statutes and regulations (*see* ECF No. 31 at 7), but such claims are "closely bound up with" his removal order and are properly addressed by the Third Circuit Court of Appeals or through other alternative avenues of relief, such as requesting a fear interview for Burundi or filing a motion to reopen administrative proceedings in the immigration court. *See Odiase*, 2025 WL 2673938, at *6; *T.A.*, 2026 WL 448807, at *7. "The court expresses no view on the merits" of the above avenues, but until these avenues are "blocked by a precedential opinion in the applicable circuit or by a Supreme Court decision, [Yatera] has another option other than this habeas petition." *See T.A.*, 2026 WL 448807, at *7. As such, Yatera's "situation, while urgent, does not present the kind of dead-end that would transform his claims into now-or-never questions exempt from Section 1252(b)(9)'s channeling mandate." *Id.* Yatera has known about the removal to Burundi for over thirty days and was reminded by this court to take appropriate steps to challenge that removal in the appropriate forum. *See* ECF No. 30 at 29 ("THE COURT: …The defendant is on notice and has been on notice that if it's going to be challenged by him that Burundi is not the appropriate country, he needs to take that up within the immigration system."); *see also Odiase*, 2025 WL 2673938, at *4 n. 6 (noting

that the petitioner had other opportunities to challenge the selected country of removal).

Because the court lacks jurisdiction to review Yatera's additional claims, subsequent amendment of Yatera's habeas petition would be futile.

**III. Conclusion**

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 4) will be dismissed without prejudice, and the court's temporary stay on Yatera's removal (ECF No. 24) will be vacated. Further, the Motion for Immediate Release (ECF No. 5) and Motion for Leave to File Supplemental Petition for Writ of Habeas Corpus (ECF No. 28) will be denied.

An appropriate Order will be entered.

BY THE COURT:

Dated: November 24, 2026

/s/
Joy Flowers Conti
Senior United States District Court Judge